# In the United States Court of Federal Claims

* * * * * * * * * * * * * *

**AUTOMATION TECHNOLOGIES, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant,**

**and**

**DIGITAL TECHNOLOGIES, INC.,**

**Defendant-Intervenor.**

* * * * * * * * * * * * * *

**No. 06-694C**
**Filed: October 11, 2006**

## O R D E R

The court held a hearing in the above-captioned case on October 10, 2006, with the parties appearing in person. The court received an October 6, 2006, unopposed motion to intervene filed by Digital Technologies, Inc. (DTI). DTI's motion to intervene is **GRANTED**. The parties requested a protective order, which was issued by the court electronically on October 10, 2006. The following **SCHEDULE** was established at the hearing:

On or before **Thursday, October 12, 2006, at 5:00 p.m.**, defendant shall file, in paper copy,[1] a supplement to the administrative record filed in Case No. 06-599C. The administrative record from Case No. 06-599C is adopted as part of the administrative record in the present case. The supplementary material shall be filed in a binder marked "Volume II," and shall be Bates stamped, beginning with page no. 239. A revised index shall accompany the supplement, reflecting both the tabs, documents and page nos. in Volume I, and the tabs, documents and page nos. in Volume II. A short notice shall be filed electronically on or before **Thursday, October 12, 2006, at 5:00 p.m.**, indicating that the supplementary administrative record was filed in paper form, by direction of the court.

On or before **Monday, October 16, 2006, at 5:00 p.m.**, defendant and intervenor shall file briefs only on the standing issue, including the GAO's view that ATI was not prejudiced

[1] All other submissions by the parties shall be filed electronically.

because of the contract award to ATI. Plaintiff shall file a response brief on the standing issue, on or before **Wednesday, October 18, 2006, at 5:00 p.m.** The parties are not limited to addressing the following matters, but shall include a discussion on 1) whether the solicitation permits multiple awards (specifically cite to the solicitation); 2) whether the agency actually contemplated multiple awards for this solicitation; 3) the agency's current intent with respect to the longevity of ATI's contract; 4) the agency's intent with respect to awarding any new delivery orders to ATI; 5) whether diversion of computer maintenance needs to DTI is tantamount to termination of ATI's contract and, if so, the legal impact, if any, of effectively terminating ATI's contract; 6) the fundamental fairness of potentially marginalizing ATI's protest with a guaranteed minimum of $2500.00 in delivery orders; 7) the systemic impact of GAO's dismissal and the request also to dismiss on standing grounds in this court on the fairness mechanisms established in the legislation and FAR on bid protests. Defendant also shall include a sworn declaration from an agency official addressing at least the above items 2) through 4).

The court schedules oral argument on the standing issue for **Thursday, October 19, 2006, at 2:30 p.m. EDT**, at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC. The parties shall appear in person for the oral argument. The courtroom number will be posted on the day of the hearing.

If the court finds that ATI has standing to protest, then ATI's protest may proceed, and the parties shall file, simultaneously, on or before **Tuesday, October 24, 2006, at 12:00 p.m.**, opening briefs on all other issues. On or before **Thursday, October 26, 2006, at 12:00 p.m.**, the parties shall file, simultaneously, reply briefs.

In all briefings, the parties shall cite to the administrative record. All citations to the record and to authority shall be to page, paragraph and section numbers. Citations to statutes and regulations shall include applicable dates. In order to join the issues, the parties shall address, to the extent possible, the arguments in the plaintiff's October 7, 2006, memorandum in support of its protective motion for a preliminary injunction, in the order they are presented by the plaintiff.[2] This does not preclude the presentation of any other arguments, but will assist the court to identify the positions of the parties on the issues.

The court schedules a hearing for **Tuesday, October 31, 2006, at 2:30 p.m. EST**, at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC. The parties shall appear in person for the hearing. The defendant has represented to the court that no injunction is necessary because no action will be taken respecting the status quo of this contract until November 1, 2006. The courtroom number will be posted on the day of the hearing.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**

---

[2] For future filings, plaintiff shall note the incorrect case number included on its three-page protective motion.