**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on October 18, 2006)

| | |
|---|---|
| AUTOMATION TECHNOLOGIES, INC., | |
| Plaintiff, | No. 06-694C |
| v. | (Judge Horn) |
| UNITED STATES, | |
| Defendant, | |
| and | |
| DIGITAL TECHNOLOGIES, INC., | BID PROTEST |
| Defendant-Intervenor. | |

**PLAINTIFF AUTOMATION TECHNOLOGIES, INC.'S**
***AMENDED AND UNOPPOSED* MOTION TO SUPPLEMENT**
**THE ADMINISTRATIVE RECORD WITH TWO GAO FILINGS**

Plaintiff Automation Technologies, Inc. ("ATI") hereby files its amended – and now unopposed – motion to supplement the Administrative Record in this post-award bid protest with two documents that are part of the record in the previous bid protest proceeding at the Government Accountability Office ("GAO") but are not presently included the Administrative Record before the Court.

The two documents in question are:

(1) ATI's Response to the Agency's Request for Dismissal (August 30, 2006) (Exhibit A hereto); and

(2) ATI's Reply in Support of Its Request for Reconsideration of Dismissal Decision (September 21, 2006) (Exhibit B hereto).

Both of these documents are properly part of the Administrative Record pursuant to RCFC, Appendix C, ¶ 22(u) ("the record of any previous administrative or judicial proceedings relating to the procurement, including the record of any other protest of the procurement").

Counsel for the United States and for Digital Technologies, Inc. have authorized undersigned counsel to represent to the Court that they do no oppose this motion.

Dated: October 18, 2006

Respectfully submitted,

s/Walter F. Zenner

Walter F. Zenner
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102
Tel: (703) 770-7603
Fax: (703) 770-7901

*Counsel of Record for Plaintiff Automation Technologies, Inc.*

*Of Counsel:*

John E. Jensen
Orest J. Jowyk
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102
Tel: (703) 770-7900

# EXHIBIT A

Pillsbury
Winthrop
Shaw
Pittman LLP

1650 Tysons Boulevard
McLean, VA 22102-4859

Tel 703.770.7900
Fax 703.770.7901
www.pillsburylaw.com

August 30, 2006

Walter F. Zenner
Phone: 703.770.7603
walter.zenner@pillsburylaw.com

BY FACSIMILE

Scott H. Riback, Esq.
Senior Attorney
Office of General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, DC 20530

Re: *Protest of Automation Technologies, Inc.*, B-298618;
Response to Agency's Request for Dismissal

Dear Mr. Riback:

As arranged with your office, protestor Automation Technologies, Inc. ("ATI") hereby responds to the request for dismissal submitted by the procuring agency, Customs and Border Protection ("CBP"), in the above-referenced bid protest proceeding.

In its dismissal request, CBP essentially argues that its award of a contract to Digital Technologies, Inc. ("DTI") for all of the CBP data center's computer hardware maintenance requirements for the next year (the next five years, counting the options) has not caused ATI any competitive prejudice, because ATI still holds an IDIQ contract for the same work (at least for another several months) and CBP has not breached that contract and will not breach it even if it never issues ATI another task order under it (and, in fact, is not likely ever to issue another task order under it). This argument overlooks not only GAO's definition of competitive prejudice, but also the practical reality of the situation, which is that the award to DTI has effectively eliminated any chance of ATI receiving another task order (barring a successful outcome in this protest proceeding).

As GAO has often stated, a protestor establishes the requisite element of competitive prejudice when it demonstrates that, but for the agency's actions or omissions, the protestor "would have a substantial chance of receiving the award." *See, e.g., Magnum Medical Personnel, a Joint Venture*, B-297687, June 20, 2006, 2006 CPD ¶ 99, 2006 WL 1843465, at *7. Here, the award in question is the award resulting from the re-opened competition, not the original competition, the result of which DTI itself already protested, and successfully so. The prejudice to ATI is that DTI now holds a

contract for CBP's requirements, when, but for the agency's actions and omissions, ATI alone would hold a contract for that work. The fact that CBP may not have breached ATI's existing contract does not change that reality. That alone provides a sufficient legal basis for denying CBP's dismissal request.

There are, however, further reasons for denying the request. Even accepting *arguendo* CBP's apparent position that the two contracts can, in theory, peacefully co-exist and run in parallel with each other, the reality is that CBP has effectively conducted a "downselect" that has eliminated ATI from any realistic consideration for future task orders for the duration of DTI's contract. *See, e.g., OTI America, Inc.*, B-295455, August 10, 2005, 2005 CPD ¶ 157, 2005 WL 1994254, at *3-*4 (citing cases in which the award and performance of parallel contracts led to a downselect that the procuring agencies implemented by issuing, or not issuing, task orders to the contractors, or by exercising, or not exercising, their options). A variety of facts make this conclusion inescapable.

Specifically, the hardware maintenance work in question is ongoing, not episodic. The contract requirement is to provide continuing availability of the equipment, on a 24/7/365 basis. Although CBP has styled the RFP as one for an IDIQ contract, there is nothing indefinite about the delivery dates, and CBP historically has issued task orders providing for continuous coverage, and done so routinely. Additionally, that coverage historically has been provided at all times by one contractor or another, not more than one at a time, and it would be difficult if not impracticable to divide up the responsibility for overall project management of the ongoing maintenance of the data center's equipment between two (or more) contractors. Significantly, CBP implicitly admits as much when it observes that ATI "already has received [task] orders surpassing the guaranteed minimum" and that ATI's contract "will remain in effect [past January 4, 2007] *only if the Government chooses to exercise options* under the contract." CBP Request for Dismissal at 2 (emphasis added).

Moreover, as CBP indicated to the Court of Federal Claims in a hearing this past Monday in the parallel override action, ATI's existing task orders expire at 11:59 p.m. on Thursday, August 31 (in other words, tomorrow), and, barring a court order prohibiting it, CBP intends to transition the work to DTI at that time. CBP has never indicated, in the RFP or otherwise, that it intended to establish parallel contracts and conduct running competitions for the issuance of each task order. In fact, CBP personnel have never even suggested to ATI the possibility of making parallel awards or issuing parallel task orders, or otherwise given ATI any reason to believe that CBP had such an arrangement in mind.

In short, but for the agency's actions and omissions, ATI not only would have had a substantial chance of winning the award (and thereby precluding DTI from receiving an award), it would have been virtually certain to have received task orders for all of the CBP data center's hardware maintenance requirements for the duration of its contract. As a result of the agency's actions and omissions, however, ATI is now virtually certain to receive *no* task orders for any of the work (short of ultimately prevailing in this protest). Put even more bluntly, the competitive prejudice is that ATI now has no work (beyond tomorrow), when it should have had all the work.

Accordingly, ATI has demonstrated the requisite degree of competitive prejudice as a result of CBP's award of the contract to DTI, and GAO should deny CBP's request for dismissal.

Sincerely,

Walter F. Zenner

Walter F. Zenner

*Counsel to Automation Technologies, Inc.*

cc: Marion T. Cordova, Esq.
Customs and Border Protection
*(by fax)*

Leslie H. Wiesenfelder, Esq.
Dow Lohnes PLLC
*(by fax)*

# EXHIBIT B

Pillsbury
Winthrop
Shaw
Pittman LLP

1650 Tysons Boulevard
McLean, VA 22102-4859

Tel 703.770.7900
Fax 703.770.7901
www.pillsburylaw.com

September 21, 2006

Walter F. Zenner
Phone: 703.770.7603
walter.zenner@pillsburylaw.com

BY FACSIMILE

Scott H. Riback, Esq.
Senior Attorney
Office of General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, DC 20530

**Re: *Protest of Automation Technologies, Inc.*, B-298618.3;**
**Reply in Support of Request for Reconsideration**
**of Dismissal Decision**

Dear Mr. Riback:

Pursuant to GAO's request, protestor Automation Technologies, Inc. ("ATI") submits this reply in support of its request for reconsideration of GAO's summary dismissal of its protest for lack of interested party status.

The opposition brief submitted by the Bureau of Customs and Border Protection ("CBP") provides no basis in law or fact for denying ATI's request for reconsideration.

In its request for reconsideration, ATI argued that GAO had not cited or discussed relevant precedent, *Recon Optical,* B-272239, July 17, 1996, 96-2 CPD ¶ 21, and that subsequent events proved the "winner-take-all" nature of the procurement, thereby bringing this protest within the exception implicitly recognized in *Recon Optical* for situations in which the award to another offeror, or the withholding of an award to another offeror, would "reduce[], increase[], or otherwise affect[]" the protestor's award or otherwise cause the protestor to "suffer[] direct economic harm." In its opposition brief, CBP does not rebut or even squarely confront either the applicability of *Recon Optical* to this protest or any one of the five factual reasons that ATI enumerated (*see* ATI 9/12/06 Request for Reconsideration at 9-10) for concluding that this protest falls within the circumstances that *Recon Optical* recognized as warranting an exception to the

general rule barring cross-protests in procurements actually meant to result in multiple, simultaneous awards.

Most significantly, CBP does not dispute the factual conclusion that this always was meant to be and still is a winner-take-all procurement, as confirmed by CBP's issuance of a termination notice to ATI the very next day after GAO issued its dismissal decision. To the contrary, CBP makes clear that it will take whatever steps it feels are necessary to prevent ATI from receiving any more work under its contract (*see* CBP 9/19/06 Opposition at 2-3), further confirming that ATI is not merely speculating about CBP's future intentions. CBP's brief thereby confirms the fact that the award to DTI has "reduced" ATI's award and caused it to suffer "direct economic harm" and, conversely, that a decision sustaining ATI's protest would "increase" ATI's award and alleviate the economic harm. The situation here is simply not like that of the protestor in *Recon Optical*, where, as both a legal and a practical matter, the protestor would be "unable to obtain any additional stake" in the procurement and, therefore, did not stand to gain any "benefit [from] the relief requested" in the protest. *Recon Optical,* 1996 WL 399187, at *2.

Rather than confront ATI's arguments, CBP argues that ATI was not prejudiced because, during the course of the two bid protest proceedings arising out of this procurement, ATI has already received a substantial amount of work that, according to CBP, it never should have received. *See* CBP Opposition at 4-5.[1] CBP overlooks the fact that in any bid protest, regardless of which offeror performs the work while the protest is pending (even where, as here and in most protested procurements, it is the incumbent), the losing offeror may question whether the agency followed law and regulation in making the new source selection decision – a decision that here has undisputedly determined which of the two offerors will perform essentially all of the work going forward. Thus, it is irrelevant that ATI received a contract in an earlier round of the procurement and that CBP has not breached that contract. Simply put, the protest is not about whether CBP has awarded or breached *ATI's* contract; it is about whether CBP properly awarded *DTI's* contract and whether CBP can immunize itself from review of that award by the happenstance – indeed, as CBP itself agrees, the "fluke" (*id.* at 4) – of having previously awarded a contract and task order to ATI under an earlier version of the same RFP.

---

[1] In support of this latter contention, CBP now alleges for the first time that it awarded a contract to ATI as a result of a "pricing mistake" by ATI. CBP, however, does not describe or explain the alleged mistake.

For these and all of the reasons set forth in our request for reconsideration, we ask that GAO grant that request and proceed to consider this protest on the merits.

Respectfully submitted,

Walter F. Zenner
John E. Jensen
Orest J. Jowyk
*Counsel to Automation Technologies, Inc.*

cc: Marion T. Cordova, Esq.
Customs and Border Protection
*(by fax)*

Leslie H. Wiesenfelder, Esq.
Dow Lohnes PLLC
*(by fax)*